Molly Taylor Zapala (SBN 245985)
Email:  mzapala@reedsmith.com
Jamie D. Wells (SBN 290827)
Email:  jwells@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Bank of America, N.A. and U.S. Bank, N.A. as Trustee for Wamu Mortgage Pass-Through Certificates, Series WMALT 2006-AR1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL FEVINGER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, a national association; US BANK, N.A. as Trustee for Wamu Mortgage Pass-Through Certificates, Series WMALT 2006-AR1; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:13-cv-04839-PSG<br><br>**DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   June 17, 2014<br>Time:  10:00 a.m.<br>Place:  Courtroom 5<br>Compl. Filed: October 18, 2013<br>FAC Filed: December 3, 2013<br>SAC Filed: April 14, 2014<br><br>Magistrate Judge Paul S. Grewal<br><br>*[Filed concurrently with Request for Judicial Notice and [Proposed] Order]* |

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on June 17, 2014 at 10:00 a.m. in Courtroom 5 of the United States Northern District Court, located on the 4th Floor 280 South 1st Street, San Jose, CA 95113, Defendants Bank of America, N.A. and U.S. Bank, N.A. as Trustee for Wamu Mortgage Pass-Through Certificates, Series WMALT 2006-AR1 (collectively "Defendants") will and hereby do move to dismiss the Second Amended Complaint filed in this action against Defendants by Plaintiff Rachel Fevinger ("Plaintiff"), and to each claim asserted therein against Defendants.  This Motion to Dismiss is brought pursuant to Fed. R. Civ. P., Rule 12(b)(6) for failure to state any claim upon which relief can be granted and for such other relief as this Court may deem just.

To the extent a lis pendens is recorded against the underlying property commonly identified as 3583-3585 Mauricia Avenue, Santa Clara, CA 95051, Defendants request that it be expunged.

Defendants' Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the operative Complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion to Dismiss.

DATED:  May 1, 2014

REED SMITH LLP

By: */s/ Jamie D. Wells*
    Jamie D. Wells
    Attorneys for Defendant
    Bank of America, N.A. and U.S. Bank, N.A. as
    Trustee for Wamu Mortgage Pass-Through
    Certificates, Series WMALT 2006-AR1

– 1 –
DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND............................................................. 1

III. LEGAL STANDARD.............................................................................................................. 3

    A. Plaintiff's Fraud Claim is Still Inadequately Pled Because Plaintiff Fails to Allege Actionable Fraud, Justifiable Reliance, Justifiable Reliance or Out-Of-Pocket Losses ................................................................................................. 4

        1. Plaintiff Still Fails to Allege Any Actionable Fraud ....................................... 4

        2. Plaintiff Still Fails to Allege Justifiable Reliance and Out-Of-Pocket Losses................................................................................................ 5

    B. Plaintiff's Breach of Contract Claim Fails Because Plaintiff Still Does Not – And Cannot – Allege That Defendants Breached the Deed of Trust........................ 7

    C. Plaintiff Still Fails to Allege a Breach of the Implied Covenant of Good Faith and Fair Dealing ............................................................................................... 8

        1. Plaintiff Still Does Not Allege Any Breach of Any Express Contractual Term ............................................................................................ 9

        2. The Parties Are Not in a Fiduciary Relationship ............................................ 9

    D. Plaintiff's UCL Claim Still Fails Because She Lacks Standing and Fails to Allege Wrongful Conduct .......................................................................................... 10

        1. Plaintiff Still Lacks Standing ......................................................................... 11

        2. Plaintiff Still Does Not Allege Any Actionable Conduct by Defendants ..................................................................................................... 12

IV. CONCLUSION...................................................................................................................... 12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993) ................................................................................................ 3

*Alvarado v. Aurora Loan Services, LLC*,
  2012 WL 4475330 (C.D.Cal., 2012) ...................................................................................... 10

*April Enter., Inc. v. KTTV*,
  147 Cal. App. 3d 805 (1983) .................................................................................................... 9

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................................. 3

*Auerbach v. Great Western Bank*,
  74 Cal. App. 4th 1172 (1999) ............................................................................................ 6, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................. 3

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ................................................................................................. 5

*Boyer v. Countrywide Bank, FSB*,
  No. C 08-5583 PJH, 2009 WL 799398 (N. D. Cal. Mar. 24, 2009) ........................................ 4

*Bradley v. Chiron Corp.*,
  136 F.3d 1317 (Fed.Cir.1998) .............................................................................................. 6, 7

*Casault v. Federal Nat. Mortg. Ass'n*,
  2012 WL 6861701 (C.D.Cal., 2012) ...................................................................................... 10

*Chabner v. United Omaha Life Ins. Co.*,
  225 F.3d 1042 (9th Cir. 2000) ............................................................................................... 12

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ..................................................................................................... 3

*Daro v. Super. Ct.*,
  151 Cal. App. 4th 1079, 61 Cal.Rptr.3d 716 (2007) ............................................................. 11

*Dumas v. Kipp*,
  90 F.3d 386 (9th Cir. 1996) ..................................................................................................... 4

*Engalla v. Permanente Medical Group, Inc.*,
  15 Cal. 4th 951 (1997) ......................................................................................................... 5, 6

*Fladeboe v. Am. Isuzu Motors, Inc.*,
  150 Cal. App. 4th 42 (2007) ............................................................................................. 6, 10

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) ................................................................................................. 3

*In re Tobacco II Cases*,
  46 Cal. 4th 298, 93 Cal. Rptr. 3d 559 (2009) .................................................................. 11, 12

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal. App. 4th 497, 156 Cal.Rptr.3d 912 (2013) ............................................................. 11

*Khoury v. Maly's of Cal.*,
  14 Cal. App. 4th 612 (1993) .................................................................................................. 12

DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*King v. Cal.*,
  784 F.2d 910 (9th Cir. 1986) ............................................................................................... 3

*Lazar v. Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) ............................................................................................ 12

*Lazar v. Superior Court*,
  12 Cal. 4th 631 (1996) ......................................................................................................... 4

*Lopez v. GMAC Mortgage*,
  2011 WL 6029875 (E.D. Cal. 2011) ................................................................................. 10

*McClain v. Octagon Plaza, LLC*,
  159 Cal. App. 4th 784 (2008) .............................................................................................. 9

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) ............................................................................................... 3

*Neilson v. Union Bank of California, N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) .............................................................................. 4

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ............................................................................................................. 3

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
  231 Cal. App. 3d 1089 (1991) ........................................................................................... 10

*Otworth v. S. Pac. Transp. Co.*,
  166 Cal. App. 3d 452 (1985) ............................................................................................... 7

*Ragland v. U.S. Bank, N.A.*,
  209 Cal. App. 4th 182 (2012) ............................................................................................ 10

*Richard P. v. Vista Del Mar Child Care Serv.*,
  106 Cal. App. 3d 860 (1980) ............................................................................................... 5

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ............................................................................................... 3

*Schwartz v. KPMG LLP,*
  476 F.3d 756 (9th Cir. 2007) ............................................................................................... 3

*Scripps Clinic v. Super. Ct.*,
  108 Cal. App. 4th 917 (2003) ............................................................................................ 12

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  93 Cal. App. 4th 700 (2001) .............................................................................................. 12

*Stephenson v. Argonaut Ins. Co.*,
  125 Cal. App. 4th 962 (2004) .............................................................................................. 6

*Valenzuela v. Am. Home Mortg. Inv. Trust* 2005-2,
  No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS 31111 (E.D. Cal. 2009) ....... 10

*Wagner v. Benson*,
  101 Cal. App. 3d 27 (1980) ............................................................................................... 10

*Wall St. Network, Ltd. v. New York Times Co.*,
  164 Cal. App. 4th 1171 (2008) ............................................................................................ 7

**Statutes**

Bus. & Prof. Code § 17204 ...................................................................................................... 11

Civ. Code § 1511 ........................................................................................................................ 8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –

DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Civ. Code § 1709 ........................................................................................................................ 6

Civ. Code § 3333 ........................................................................................................................ 7

**Rules**

Fed. R. Civ. Proc. 9(b) ............................................................................................................... 4

**Other Authorities**

1 B.E. Witkin, Summary of Cal. Law, Contracts, § 798 (10th ed.) ........................................... 9

5 Witkin California Procedure, Pleading, §731 , pps. 150-151 (5th Edition 2008) ................... 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iv –
DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Rachel Fevinger ("Plaintiff") has now had *three separate opportunities* to attempt to plead a claim against Defendants Bank of America, N.A. ("BANA") and U.S. Bank, N.A. as Trustee for Wamu Mortgage Pass-Through Certificates, Series WMALT 2006-AR1 ("U.S. Bank") (collectively "Defendants").  Even though this Court has already found these claims deficient, Plaintiff's Second Amended Complaint ("SAC") again seeks to hold Defendants responsible for Plaintiff's admitted failure to make her mortgage payments and cure her default.  Plaintiff concedes that she has been delinquent on her mortgage, that she has explored alternatives to foreclosure with her loan servicer, and that she was denied a loan modification.  Plaintiff's boilerplate claims are unsupported and belied by her own concessions and the publicly recorded documents.  In addition, Plaintiff's claims fail for at least the following reasons:

- Plaintiff's fraud claim is still inadequately pled because Plaintiff does not allege actionable fraud, justifiable reliance or out-of-pocket damages;
- Plaintiff's claim for breach of contract still fails because Plaintiff has not and cannot allege that Defendants breached the Deed of Trust;
- Plaintiff's claim for breach of the implied covenant still fails because Plaintiff does not allege the breach of any express contractual term and the parties are not in a fiduciary relationship; and
- Plaintiff's UCL claim still fails because Plaintiff lacks standing and fails to allege wrongful conduct.

The SAC demonstrates that Plaintiff's claims are untenable and flawed on their face.  As there is no indication that these deficiencies can be cured, Defendants' Motion to Dismiss should be granted without leave to amend.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On or about September 22, 2005, Plaintiff obtained a loan in the amount of $650,000.00 (the "Loan") to finance property located at 3583-3585 Mauricia Avenue, Santa Clara, CA 95051 (the "Property").  *See* Request for Judicial Notice ("RJN"), Ex. A.  The Deed of Trust ("DOT") identifies

– 1 –

Plaintiff as the borrower, American Mortgage Express Corp. ("American") as the lender, Fidelity National Title ("Fidelity") as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary. *Id.* On September 22, 2005, Plaintiff obtained a home equity line of credit in the amount of $97,000.00 (the "HELOC") secured by a Deed of Trust and Assignment of Rents. RJN, Ex. B. On August 30, 2011, MERS recorded an assignment of the DOT to U.S. Bank, National Association as Trustee for Wamu Mortgage Pass-Through Certificates, Series WMALT 2006-AR1 ("U.S. Bank"). RJN, Ex. C. On August 15, 2012, U.S. Bank substituted ReconTrust Company, N.A. ("ReconTrust") as trustee under the DOT. RJN, Ex. D. On September 6, 2012, ReconTrust recorded a Notice of Default ("NOD") due to Plaintiff's arrears in the amount of $196,431.68. RJN, Ex. E. Due to Plaintiff's failure to cure her default, a Notice of Trustee's Sale ("NOTS") was recorded by ReconTrust on December 12, 2012.[1] RJN, Ex. F. Plaintiff does not allege any foreclosure sale has occurred.

On October 18, 2013, Plaintiff filed a Complaint against BANA. *See generally* Compl. BANA filed a Motion to Dismiss Plaintiff's Complaint on November 13, 2013. Plaintiff filed a FAC on December 3, 2013 against BANA and U.S. Bank bringing claims for 1) breach of the implied covenant of good faith and fair dealing, 2) breach of contract, 3) negligent misrepresentation, 4) fraud, 5) violation of Civil Code section 2924 and 6) unfair competition. Defendants filed a Motion to Dismiss Plaintiff's FAC on December 20, 2013. Defendants' Motion to Dismiss was heard on February 25, 2014.

On March 31, 2014, the Court granted Defendants' Motion to Dismiss Plaintiff's claims for negligent misrepresentation and violation of Civil Code section 2924 **without** leave to amend. *See* Docket Number 38. The Court granted Defendants' Motion to Dismiss Plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud and unfair business practices **with** leave to amend. *Id.* The Court ordered that any amended complaint must be filed within fourteen days of the date of the order. *Id.* On April 14, 2014, Plaintiff filed a SAC against Defendants alleging claims for 1) breach of the implied covenant of good faith and fair dealing, 2)

---

[1] ReconTrust recorded a second NOTS on February 27, 2013. RJN, Ex. G. ReconTrust recorded a third NOTS on April 2, 2013 and a fourth NOTS on September 10, 2013. RJN, Exs. H, I.

– 2 –

DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

breach of contract, 3) fraud, and 4) unfair business practices, violation of the Business and Professions Code sections 17200 *et seq*. *See generally* SAC.  In her nearly identical SAC, Plaintiff once again alleges that Defendants 1) prevented Plaintiff from reinstating the Loan and 2) misrepresented that the Property would not be sold via foreclosure while Plaintiff was being reviewed for a loan modification. *Id.*

### III.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).  Time barred claims and remedies are also properly disposed of on a motion to dismiss.  *See King v. Cal.,* 784 F.2d 910, 913-915 (9th Cir. 1986).  The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice.  *Schwartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007).  Moreover, allegations of fraud are subject to a heightened pleading standard under Rule 9(b), which requires

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### A. Plaintiff's Fraud Claim is Still Inadequately Pled Because Plaintiff Fails to Allege Actionable Fraud, Justifiable Reliance, Justifiable Reliance or Out-Of-Pocket Losses

In her nearly identical third claim for fraud,[2] Plaintiff once again alleges that BANA "orally represented to Plaintiff that her Property would not be lost via foreclosure while her account was being reviewed for a loan modification." SAC ¶ 52. Plaintiff also alleges that BANA orally represented that it was BANA's policy not to foreclose on borrowers who had submitted a complete loan modification application and were awaiting a decision. *Id*. Plaintiff once again contends that BANA intentionally made this alleged misrepresentation "in order to induce Plaintiff to forego reinstating her loan." SAC ¶ 53. Plaintiff continues to allege that she detrimentally relied on BANA's alleged misrepresentation because "but for [BANA's] promises regarding foreclosure while her account was being reviewed for a loan modification, Plaintiff would have reinstated her loan". SAC ¶ 56. Plaintiff alleges that she has suffered actual damages including "the imminent loss of her Property, loss of money including but not limited to losses through overcharges, incurred attorneys' fees and costs to save her home, a loss of reputation and good will, [and] destruction of credit". SAC ¶ 57. Plaintiff's fraud claim fails as a matter of law.

#### 1. Plaintiff Still Fails to Allege Any Actionable Fraud

The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). "[C]laims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.,* 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). Plaintiffs must plead "facts which show 'how, when, where, to whom and by what means the representations were tendered." *See Boyer v. Countrywide Bank, FSB,* No. C 08-5583 PJH, 2009

---

[2] Plaintiff's claim for fraud is solely brought against BANA.

– 4 –
DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

WL 799398, at *2 (N. D. Cal. Mar. 24, 2009) (*citing Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001).

Plaintiff's fraud claim is premised on two alleged misrepresentations, namely that ***the Property would not be "lost" via foreclosure*** while her account was being reviewed for a loan modification and that it was ***BANA's policy not to foreclose on borrowers who had submitted a complete loan modification application and were awaiting a decision***. SAC ¶ 52. Here, Plaintiff still has not—and cannot—allege that any of the alleged representations made by BANA were false. First, Plaintiff does not allege the Property has been sold. Second, Plaintiff does not allege that any foreclosure proceedings occurred while Plaintiff's loan modification application was pending. *See generally* SAC. In fact, Plaintiff concedes that her application for a loan modification was denied before the NOD was recorded. SAC ¶ 32 (In November 2011, Plaintiff received a HAMP denial letter); SAC ¶ 35 (In September 2012 Plaintiff received a Notice of Default). Moreover, to the extent Plaintiff alleges that she received a denial letter "shortly after the [NOD]", her allegation is wholly unsupported and does not save her deficient claim, as the alleged representation is that BANA told Plaintiff it was their "policy" not to foreclose on borrowers who had a complete loan modification application pending. SAC ¶¶ 35, 52.

In addition, the alleged misrepresentations are not actionable. Statements regarding future events are not actionable fraud under *Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 864 (1980) (to be actionable as fraud, a "representation must ordinarily be about past or existing facts; predictions about future events, or statements about future action by some third party, are deemed opinions, and not actionable fraud"). Any discussion that BANA allegedly had with Plaintiff relating to the alleged promise that BANA would not initiate foreclosure proceedings while Plaintiff was being reviewed for a loan modification or that the Property would not be "lost" via foreclosure [SAC ¶ 52] are nothing more than an opinion about a future event and therefore are not actionable fraud. Therefore her claim for fraud still fails.

**2.   Plaintiff Still Fails to Allege Justifiable Reliance and Out-Of-Pocket Losses**

In addition, there still is no justifiable reliance. Justifiable reliance is required to establish causation in a fraud claim. *See e.g. Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951,

– 5 –

1   976 (1997).  "Actual reliance occurs when a misrepresentation is an immediate cause of [a

2   plaintiff's] conduct, which alters his legal relations, and when, absent such representation, the

3   plaintiff would not, in all reasonable probability, have entered into the contract or other transaction."

4   *Id.*  In her SAC Plaintiff continues to allege that she relied on the alleged misrepresentation by not

5   reinstating her Loan.  SAC ¶ 56.  However, Plaintiff once again fails to provide any factual support

6   whatsoever for her self-serving conclusion that BANA prevented Plaintiff from reinstating the Loan,

7   especially in light of Plaintiff's concession that BANA provided Plaintiff with a reinstatement quote.

8   FAC ¶ 80 ("Defendants continued to provide Plaintiff with an inaccurate reinstatement quote, or no

9   reinstatement quote at all").[3]

10          Lastly, Plaintiff still does not allege actual damages she suffered ***as a result*** of any conduct

11  by BANA.  *See generally* SAC.  To state a valid fraud claim, a plaintiff must allege facts showing

12  that he has suffered an identifiable out-of-pocket loss.  Civ. Code § 1709; *Fladeboe v. Am. Isuzu

13  Motors, Inc.*, 150 Cal. App. 4th 42, 66 (2007).  A deception without a resultant monetary loss is not

14  actionable fraud.  *Stephenson v. Argonaut Ins. Co.*, 125 Cal. App. 4th 962, 974-75 (2004).  Although

15  Plaintiff alleges that her damages include "the imminent loss of her Property, loss of money

16  including but not limited to losses through overcharges, incurred attorneys' fees and costs to save her

17  home, a loss of reputation and good will, [and] destruction of credit" [SAC ¶ 57], Plaintiff once

18  again fails to allege how BANA's conduct is the cause of those alleged damages.  *Id.*  All

19  foreclosure proceedings are a direct result of Plaintiff's inability to make her mortgage payments and

20  inability to cure her own default.  In fact, Plaintiff concedes that the reason she defaulted on the

21  Loan was because she "experienced financial difficulty," [Compl. ¶ 12] not because of any alleged

22  conduct by BANA.  To the extent Plaintiff attempts to claim damages in the form of mortgage

23  payments, it is settled that loan payments made pursuant to a valid contract cannot support a

24  showing of harm.  *Auerbach v. Great Western Bank*, 74 Cal. App. 4th 1172, 1185 (1999) (plaintiffs'

25  payments did not constitute damages because plaintiffs were obligated to make them pursuant to a

---

[3] Although Plaintiff has already conceded that Defendants provided her with a reinstatement figure [FAC ¶ 80], Plaintiff now contends that Defendants "refused" to provide Plaintiff with a reinstatement figure.  SAC ¶¶ 42, 47.  This is a transparent attempt to conform the facts to save Plaintiff's deficient claims.  *See Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (Fed.Cir.1998) (The Court affirmed the dismissal of an amended pleading that contradicted the original pleading and was "a transparent attempt to conform the facts to the requirements of the cause of action.").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –

1  valid promissory note). Without a hard dollar loss, there are no damages to Plaintiff sufficient to
2  support a claim for fraud. 5 Witkin California Procedure, Pleading, §731 , pps. 150-151 (5th Edition
3  2008); Civil Code § 3333. For all of these reasons, Plaintiff's fraud claim fails as a matter of law
4  and any amendment will be futile.

**B.   Plaintiff's Breach of Contract Claim Fails Because Plaintiff Still Does Not – And Cannot – Allege That Defendants Breached the Deed of Trust**

In her nearly identical second claim for breach of contract, Plaintiff once again alleges that Defendants breached Section 19 of the DOT by failing to provide Plaintiff with a reinstatement figure. SAC ¶¶ 46-47. Plaintiff's allegations once again fall well short of alleging a breach of contract claim because she is still unable to point to any breach of an express contract term.

To state a breach of contract claim, Plaintiff must establish: (1) the existence of a contract; (2) Plaintiff's performance or excuse for nonperformance; (3) breach; and (4) that the breach caused Plaintiff harm. *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). "[I]f the action is based on an alleged breach of written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985) (upholding dismissal of breach of contract claim because complaint did not set forth the alleged contract's terms).

Here, Plaintiff alleges that Defendants breached Section 19[4] of the DOT by failing to provide Plaintiff with a reinstatement figure. SAC ¶¶ 46-47. Plaintiff's claim is unavailing as Plaintiff concedes that she was provided with a reinstatement figure. *See* FAC ¶ 80. Plaintiff just disputes the accuracy of that figure. *Id*. ("Defendants continued to provide Plaintiff with an inaccurate reinstatement quote, or no reinstatement quote at all, which demanded that Plaintiff tender monies

---

[4] Section 19 provides in pertinent part, "[i]f Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued." RJN, Ex. A at 10. "Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorney's fees, property inspection and valuations fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument and (d) takes such action as Lender may reasonably require to assure that the sums secured by this Security Instrument, shall continue unchanged. *Id.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –

for months in which Plaintiff's performance was waived by virtue of Cal. Civil Code § 1511."). However, as noted by the Court, "even taking the allegations in the complaint as true, the court cannot see how Defendants' waived [Plaintiff's] debt obligations under the contract and thus provided an artificially inflated value to [Plaintiff]." *See* Docket Number 38 at 11:9, 12:1-2.

The DOT contains explicit language stating that acts of forbearance, including activities of a loan modification, do not waive the Lender's right to enforce the terms of the DOT.[5] Therefore, as held by the Court, "[e]ven if the loan was under review for a modification, [Plaintiff] was still obligated to remain current on her loan – she had a preexisting legal duty." *See* Docket Number 38 at 12:4-6. Moreover, the DOT, which Plaintiff voluntarily signed, explicitly states that the "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." RJN, Ex. A. The Court has already ruled that it "cannot credit [Plaintiff's] argument that the reinstatement figure was artificially inflated. Because [Plaintiff] remains in default on the loan, her breach of contract claim cannot survive." *See* Docket Number 38 at 12:10-11. All foreclosure proceedings were initiated as a direct result of Plaintiff's own failure to make her mortgage payments and cure her default. Plaintiff once again fails to allege that Defendants breached the DOT. Therefore, Plaintiff's claim for breach of contract fails as a matter of law.

**C.   Plaintiff Still Fails to Allege a Breach of the Implied Covenant of Good Faith and Fair Dealing**

In her nearly identical first claim for breach of the implied covenant of good faith and fair dealing, Plaintiff continues to allege that Defendants prevented her from reinstating the Loan. SAC ¶ 42. Specifically, Plaintiff once again contends that she was entitled to reinstate the Loan under

---

[5] Section 12 of the DOT specifically states, "Extension of time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify the amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Successors in Interest of the Borrower. Any forbearance by Lender in exercising any right or remedy, including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower in amounts less than the amount then due, shall not be a waiver of the exercise of any right or remedy." RJN, Ex. A at 8.

– 8 –

Section 19 of the DOT and that Defendants' refusal to provide Plaintiff with a reinstatement quote "hindered [her] ability to perform under the Loan and frustrated her performance." SAC ¶ 42. However, Plaintiff's allegations remain woefully insufficient to support a claim for contractual breach of the implied covenant of good faith and fair dealing. Most importantly, Plaintiff fails to allege breach of contract.

### 1. Plaintiff Still Does Not Allege Any Breach of Any Express Contractual Term

The implied covenant ensures that neither party will do anything to deprive the other party of the benefits of a contract. 1 B.E. Witkin, Summary of Cal. Law, Contracts, § 798 (10th ed.). It is limited to ensuring compliance with express contractual terms to which the parties agreed and cannot be used to create additional obligations on the parties. .)*Id*. § 798; *see also April Enter., Inc. v. KTTV*, 147 Cal. App. 3d 805, 816 (1983). Moreover, "the implied covenant is a supplement to an existing contract, and…does not require parties to negotiate in good faith prior to any agreement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008).

Although Plaintiff contends that Defendants breached the implied covenant of good faith and fair dealing, the SAC once again fails to allege or identify any conduct by Defendants that could be construed as a violation of the implied covenant. *See generally* SAC. Plaintiff alleges that she was entitled to reinstate the Loan under Section 19 of the DOT and that Defendants' refusal to provide Plaintiff with a reinstatement quote "hindered [her] ability to perform under the Loan and frustrated her performance." SAC ¶ 42. However, Plaintiff still does not, and cannot, allege that she fulfilled her obligations under the DOT or that Defendants breach the DOT. *See generally* SAC. As held by the Court, Plaintiff "fell behind on her payments and never cured the default. [Plaintiff's] complaint concedes that she was provided with a reinstatement figure to settle her arrears. She never did." *See* Docket Number 38 at 12:19-21. Plaintiff is attempting to place blame on Defendants for her own failure to meet her obligations under the DOT. Because Plaintiff has not alleged the breach of any contractual term or otherwise properly pled her claim, there can be no breach of the implied covenant of good faith and fair dealing.

### 2. The Parties Are Not in a Fiduciary Relationship

Additionally, Plaintiff cannot assert a tortious breach of the implied covenant of good faith

– 9 –

and fair dealing claim because the parties are not in a fiduciary relationship. "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Valenzuela v. Am. Home Mortg. Inv. Trust* 2005-2, No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS 31111, at *65 (E.D. Cal. 2009). The implied covenant tort is not available to parties in an ordinary commercial relationship, where the parties only deal at arms' length. *Id.* at 77-78 ("A claim for tortious breach of contract does not lie under California law in the absence of a special relationship with fiduciary characteristics. California case law is clear that a commercial loan transaction does not create such a special relationship."). As a general rule, a lending institution does not owe any duty of care to a borrower where the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (1991).[6] Loan modification discussions and review of modification applications are activities directly "within the scope of [a lender's] **conventional role as a lender of money**." *Ragland v. U.S. Bank, N.A*., 209 Cal. App. 4th 182, 207 (2012) (emph. added).[7] Here, Plaintiff still does not – and cannot – allege any fiduciary relationship or circumstance other than an ordinary commercial relationship between the parties. Thus, this claim also must fail.

### D. Plaintiff's UCL Claim Still Fails Because She Lacks Standing and Fails to Allege Wrongful Conduct

In her almost identical fourth claim for unfair competition, violation of the Business and Professions Code sections 17200 *et seq*. (the "UCL") Plaintiff once again alleges that Defendants' alleged conduct "constitutes unlawful, unfair and/or fraudulent business practices." SAC ¶ 60. Plaintiff tethers her UCL claim to her other underlying, untenable claims for breach of the implied

---

[6] *See also Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (finding that lender owes no duty of care to borrower in connection with the approval of the loan absent some suggestion that the lender was actively involved in the business venture beyond merely lending money).

[7] *See also Casault v. Federal Nat. Mortg. Ass'n*, 2012 WL 6861701, at *13 (C.D.Cal., 2012) (finding that plaintiffs could not allege any legal duty of care in connection with loan modification even though they were offered a trial plan under HAMP); *Settle v. World Sav. Bank, F.S.B*., WL1026103, at *7-8 (C.D.Cal., 2012) ("Numerous cases have characterized a loan modification as a traditional money lending activity."); *Alvarado v. Aurora Loan Services, LLC*, 2012 WL 4475330, at *6 (C.D.Cal., 2012) ("[O]ffering loan modifications is sufficiently entwined with money lending so as to be considered within the scope of typical money lending activities."); *Lopez v. GMAC Mortgage*, 2011 WL 6029875, at *19 (E.D. Cal. 2011) ("Defendants owed no duty of care . . . arising from [plaintiff's] default, property foreclosure, and loan modification or refinancing attempts.").

– 10 –
DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

covenant of good faith and fair dealing, breach of contract and fraud. SAC ¶¶ 60-63. However, her claim fails because she lacks standing and does not allege any wrongful conduct.

### 1. Plaintiff Still Lacks Standing

Plaintiff still does not have standing to bring a UCL claim. To possess standing to pursue a UCL claim, a plaintiff must allege that he "suffered injury in fact and has lost money or property *as a result of* the unfair competition." Bus. & Prof. Code § 17204 (emph. added). A plaintiff must also plead facts demonstrating that her injury-in-fact was the "immediate" result of the defendant's alleged misconduct. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 328, 93 Cal. Rptr. 3d 559, 582 (2009). Significantly, the causation prong of the statute fails if he or she would have suffered the same harm whether or not a defendant violated the UCL. *Daro v. Super. Ct.*, 151 Cal. App. 4th 1079, 1099, 61 Cal.Rptr.3d 716, 729 (2007) (the "causal connection is broken when a complaining party would suffer the same harm whether or not the defendant complied with the law"). *See also, Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523, 156 Cal.Rptr.3d 912, 933 (2013).

Here, Plaintiff still alleges no facts indicating that she has lost money or property *as a result* of Defendants' conduct. *See generally* SAC. Plaintiff merely alleges that she has suffered various damages including, "the imminent loss of her Property and loss of money including but not limited to overcharged and incurred attorneys' fees and costs to save her home." SAC ¶ 64. However, similar to the FAC, the SAC still does not show injury-in-fact that is the result of Defendants' actions. *See* Docket Number 38 ("The complaint has not established any injury-in-fact that is the result of Defendants['] actions."). All foreclosure proceedings were a direct result of Plaintiff's own failure to make her mortgage payments and cure her default. In addition, to the extent Plaintiff attempts to claim damages in the form of mortgage payments, it is settled that loan payments made pursuant to a valid contract cannot support a showing of harm. *Auerbach*, 74 Cal. App. 4th at 1185 (plaintiffs' payments did not constitute damages because plaintiffs were obligated to make them pursuant to a valid promissory note). Since Plaintiff still fails to allege damages, she lacks standing and her UCL claim fails for this reason alone.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 11 –
DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### 2. Plaintiff Still Does Not Allege Any Actionable Conduct by Defendants

Additionally, Plaintiff's UCL claim fails because she still does not allege any facts showing that Defendants engaged in any actionable conduct. The UCL requires a violation of the underlying law. "In effect, the UCL borrows violations of other laws … and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). Notably, when asserting a claim under the UCL, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Under the "unlawful" prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). Under a "fraud" theory, a plaintiff must show that "members of the public are likely to be 'deceived'" by the defendant's practices. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). "Unfair" conduct in UCL actions must be violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003). "A plaintiff alleging unfair business practices [under the UCL] ***must state with reasonable particularity the facts supporting the statutory elements of the violation***." *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 617 (1993) (emph. added). Further, where a plaintiff premises his UCL claim on statutory violations, but fails to establish the underlying violations, the UCL claim fails as well. *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001).

Here, Plaintiff cannot allege the "unlawful" prong of the UCL because, as aforementioned, she does not state a viable claim against Defendants. As found by the Court, "absent any underlying fraudulent, unlawful or unfair conduct the UCL claim cannot survive." *See* Docket Number 38 at 17:12-13. Moreover, Plaintiff does not assert any facts demonstrating that Defendants' conduct is "likely to deceive the reasonable consumer", especially given the fact that all Plaintiff's claims exclusively relate to her own private discussions with Defendants. Since Plaintiff cannot allege a viable claim against Defendants, her UCL claim once again fails.

### IV. CONCLUSION

Plaintiff's failure to state a claim is not simply a matter of inartful pleading that can be cured by amendment. Rather, under the instant facts and circumstances, Plaintiff is incapable of

– 12 –

articulating any legally-cognizable claims.  Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's SAC with prejudice.

DATED:  May 1, 2014

REED SMITH LLP

By: */s/ Jamie D. Wells*
  Jamie D. Wells
  Attorneys for Defendant
  Bank of America, N.A. and U.S. Bank, N.A. as Trustee for Wamu Mortgage Pass-Through Certificates, Series WMALT 2006-AR1

– 13 –
DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF