1
2
3
4
5
6
7
8

**United States District Court**
For the Northern District of California

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN JOSE DIVISION

12

RACHEL FEVINGER,                                    )   Case No. 5:13-cv-04839-PSG
                                                    )
13
                                    Plaintiff,      )   **ORDER GRANTING-IN-PART**
                                                    )   **NATIONSTAR'S MOTION TO**
14
                    v.                              )   **DISMISS**
                                                    )
15
BANK OF AMERICA, N.A., et al.,                      )   **(Re: Docket No. 73)**
                                                    )
16
                                    Defendants.     )
                                                    )
17

Before the court is Defendant Nationstar Mortgage LLC's motion to dismiss.[1]  Plaintiff

18

Rachel Fevinger opposes.  The court finds the motion suitable for disposition on the papers as

19

provided for by the local rules.[2]  Having considered the arguments, the court GRANTS

20

Nationstar's motion, but only IN-PART, as explained below.

21

22

Because the court and the parties are well-versed in the facts of this particular foreclosure

23

dispute, the court dispenses with preliminaries and addresses the single issue in dispute: whether

24
25
26

---

[1] *See* Docket No. 73.

27

[2] *See* Civil L.R. 7-1(b) ("Motions must be directed to the Judge to whom the action is assigned, except as that Judge may otherwise order."); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

28

Nationstar must remain in the case as a necessary party even though Fevinger has no live, actionable claim against Nationstar.[3]

## I. LEGAL STANDARDS

**A.      Fed. R. Civ. P. 19(a)**

Fed. R. Civ. P. 19(a) provides:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

## II. DISCUSSION

Fevinger urges that Nationstar is a necessary party under Fed. R. Civ. P. 19(a) because Nationstar is the current loan servicer.  The theory goes like this: because Nationstar could participate in future foreclosure proceedings, Nationstar should participate in this litigation. For support, Fevinger leans heavily on *Adams v. Nationscredit Fin. Services Corp.*[4]  *Adams* holds that a current servicer should be considered a necessary party in a suit for loan rescission, because the servicer "could attempt to foreclose on the loan."[5]

*Adams*, however, is not persuasive.

First, as an opinion from another federal district, *Adams* is not binding on this court.

---

[3] Unfamiliar readers are directed to the court's order granting-in-part some of the other defendants motion to dismiss.  *See* Docket No. 75.

[4] 351 F. Supp. 2d 829 (N.D. Ill. 2004).

[5] *Id.* at 835.

2

Second, that other district itself has taken issue with *Adams*' reasoning – albeit in an earlier case.[6]  Loan servicers do not hold a sufficient "interest" in this case to justify their inclusion as a necessary party.  As *Walker v. Gateway Fin. Corp.* put it, an argument that a servicer should be part of a case simply because it may engage in improper actions "is totally speculative (really not a current case or controversy) and does not warrant its retention as a defendant."[7]  Even those cases that have followed *Adams* have focused on claims for rescission asserted by the plaintiff under the Truth in Lending Act ("TILA").[8]  Fevinger's operative complaint does not seek rescission or bring any claims under TILA.

Third, this court also has not extended *Adams*' reasoning beyond suits for rescission.  In *Madrigal v. OneWest Bank*, Judge Chesney held that a servicer was not a necessary party where the particular actions of the servicer were not at issue.[9]  Claims based upon another defendant's

---

[6] *See Walker v. Gateway Fin. Corp.*, 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003).

All that is asserted against Homecomings in the AC is that it services the mortgage loans. According to plaintiffs' counsel, that justifies its inclusion as a defendant under Fed.R.Civ.P. ("Rule") 19(a).  But although some of this Court's colleagues have found that to be an appropriate basis for retaining Homecomings as a defendant, this Court finds it an undue stretch to say that Homecomings "claims an interest relating to the subject of a litigation" (the language of Rule 19(a)) such as to support its having to employ counsel and incur expenses here.

When the matter is looked at realistically, if any loan is indeed rescinded Homecomings will automatically cease to have any collection or other function in connection with that loan.  Any concern that it may thereafter engage in improper reporting to credit agencies is totally speculative (really not a current case or controversy) and does not warrant its retention as a defendant.  Homecomings claims no independent stake in the matter, and its presence in the litigation is really unnecessary.  It too is dismissed as a defendant.

[7] *Walker*, 286 F. Supp. 2d at 969.

[8] *See Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 775 (N.D. Ill. 2007).

At least three courts in this district have held that a current servicer should not be dismissed from a suit for rescission because the servicer is a necessary defendant under Fed. R. Civ. P. 19(a).  *See Miranda v. Universal Fin. Group, Inc.*, 459 F.Supp.2d 760, 765-66 (N.D. Ill. 2006) (and cases cited therein); *Adams*, 351 F. Supp. 2d at 835.  Those cases suggest that "[d]ismissing the servicer could impair the borrower's ability to fully protect his or her interest in rescinding the loan because the servicer could improperly report to credit bureaus or foreclose on the loan." *Miranda*, 459 F. Supp. 2d at 766.

[9] *See Madrigal v. OneWest Bank*, Case No. 3:09-cv-3436-MMC, 2010 WL 519828, at *2 (N.D. Cal. Feb. 9, 2010).

Case No. 5:13-cv-04839-PSG
ORDER GRANTING-IN-PART NATIONSTAR'S MOTION TO DISMISS

actions, which were alleged to have occurred prior to the servicer's involvement, were insufficient to bind the servicer to litigation as a necessary party.[10]

In sum, each of Fevinger's claims are based exclusively on the prior acts of Bank of America. No allegations are directed at Nationstar. Because threadbare "recitals of elements of a cause of action, supported by mere conclusory statements, do not" suffice, dismissal of Fevinger's UCL claim is warranted.[11] Fevinger's additional argument for keeping Nationstar in this case – that Nationstar could participate in future foreclosure proceedings – remains too speculative.

---

The Madrigals' second argument likewise is unavailing. Relying on *Hashop v. Federal Home Loan Mortgage Corp.,* 171 F.R.D. 208 (N.D. Ill.1997), the Madrigals argue that OWB, in its capacity as the servicer, is a necessary party. In *Hashop,* the obligors therein had sued the owner of their respective obligations under the theory that the owner, through mortgage servicers, was breaching the terms of the obligations by incorrectly calculating the amount of escrow payments due. *See id.* at 210–11. Under those circumstances, the district court, observing that it was the servicers who actually determined the amounts due and would be required to "change their escrowing practices" if liability on the part of the owner was established, found the servicers were necessary parties. *See id.* at 211–12. Here, by contrast, the Madrigals do not allege that OWB has in any way failed to properly service the obligation. Rather, the only violation alleged is a violation of TILA occurring at the time the Madrigals entered into the transaction with IndyMac. In short, unlike in *Hashop,* the actions of the servicer are not at issue herein.

[10] *See id.* at 2.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly,* 550 U.S. at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

4

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Even though the court remains skeptical that amendment of the UCL claim against Nationstar would survive a further pleadings challenge, in light of appellate court guidance that amendment should generally be "freely given," the court will permit Fevinger to amend her UCL claim directed towards Nationstar.[12]  To balance the competing concerns at play, the parties shall adhere to the following schedule by filing:

- ·    Any amended complaint only addressing the deficiencies in Fevinger's UCL claim against Nationstar by August 29, 2014.
- ·    Any motion to dismiss from Nationstar as to that UCL claim by September 5, 2014.
- ·    Any opposition by September 12, 2014.
- ·    Any reply by September 19, 2014.

If the court determines a hearing would be helpful, the court will set the hearing on a shortened schedule.[13]

**IT IS SO ORDERED.**

Dated: August 22, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

See also *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

[12] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

[13] If the matter is set for a hearing, the parties may appear telephonically without leave of the court.

5

Case No. 5:13-cv-04839-PSG
ORDER GRANTING-IN-PART NATIONSTAR'S MOTION TO DISMISS